## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTRAZENECA AB and ASTRAZENECA
PHARMACEUTICALS LP,

      Plaintiffs,

v.

MYLAN PHARMACEUTICALS INC.,
MYLAN LABORATORIES LIMITED,
MYLAN INC., and MYLAN N.V.,

      Defendants.

Civil Action No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AstraZeneca AB and AstraZeneca Pharmaceuticals LP (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendants Mylan Pharmaceuticals Inc., Mylan Laboratories Limited, Mylan Inc., and Mylan N.V. (collectively, "Defendants" or "Mylan"), allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and in particular under 35 U.S.C. § 271(e). This action relates to Abbreviated New Drug Application ("ANDA") No. 211699 ("the Mylan ANDA") filed by or for the benefit of Defendants with the United States Food and Drug Administration ("FDA"). Through this ANDA, Defendants seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' Symbicort® pharmaceutical products prior to the expiration of U.S. Patent Nos. 7,759,328 ("the '328 patent"), 8,143,239 ("the '239 patent"), 8,575,137 ("the '137 patent"), and 7,967,011 ("the

1

ME1 28303403v.1

'011 patent") (collectively, "the patents-in-suit").  Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

### Plaintiffs

2.      Plaintiff AstraZeneca AB is a corporation organized and existing under the laws of Sweden, with its principal place of business at S-151 85 Södertälje, Sweden.

3.      Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.  AstraZeneca Pharmaceuticals LP is the holder of approved New Drug Application No. 021929 for Symbicort.

### Defendants

4.      On information and belief, Defendant Mylan Pharmaceuticals Inc. is a company organized and existing under the laws of the State of West Virginia, with a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

5.      On information and belief, Mylan Pharmaceuticals Inc. is a wholly-owned subsidiary of Mylan Inc.

6.      On information and belief, Defendant Mylan Laboratories Limited is a company organized and existing under the laws of India with its principal place of business at Plot No. 564/A/22, Road No. 92, Jubilee Hills, Hyderabad 500034, India.

7.      On information and belief, Mylan Laboratories Limited is a wholly-owned subsidiary of Mylan Inc.

8.      On information and belief, Defendant Mylan Inc. is a company organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317.

2

ME1 28303403v.1

9.    On information and belief, Mylan Inc. is an indirectly wholly-owned subsidiary of Mylan N.V.

10.    On information and belief, Defendant Mylan N.V. is a company organized and existing under the laws of the Netherlands, with its global headquarters and principal offices located at Building 4, Trident Place, Mosquito Way, Hatfield, Hertfordshire, AL10 9UL, England.

11.    On information and belief, Mylan N.V. is the ultimate corporate parent of Mylan Inc., Mylan Laboratories Limited, and Mylan Pharmaceuticals.

12.    Defendants, working in collaboration with each other and with or through their subsidiaries, agents, and affiliates, are in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic versions of branded pharmaceutical products in the United States.  As a part of this business, Defendants participate in operations related to preparing and filing ANDAs with the FDA. As part of these ANDAs, Defendants file certifications pursuant to Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacturer, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such branded pharmaceutical products.

## BACKGROUND

### The NDA

13.    AstraZeneca Pharmaceuticals LP is the holder of New Drug Application ("NDA") No. 021929 for Symbicort (budesonide/formoterol fumarate dihydrate) Inhalation Aerosol.  Each Symbicort canister is formulated as a pressurized metered dose inhaler ("inhaler").  Symbicort is a prescription drug approved for the treatment of asthma in patients 6 years of age and older and maintenance treatment in patients with chronic obstructive pulmonary disease ("COPD")

3

including bronchitis and emphysema.  Budesonide and formoterol fumarate dihydrate are the two active ingredients in Symbicort.  Symbicort is available in an 80 mcg budesonide/4.5 mcg formoterol fumarate dihydrate dosage and a 160 mcg budesonide/4.5 mcg formoterol fumarate dihydrate dosage.

14.     FDA approved NDA No. 021929 on July 21, 2006.

15.     Plaintiff AstraZeneca Pharmaceuticals LP sells and distributes Symbicort throughout the United States pursuant to NDA No. 021929.

### The Patents-in-Suit

16.     United States Patent No. 7,759,328 ("the '328 patent"), entitled "Composition for Inhalation," was issued by the United States Patent and Trademark Office ("the USPTO") on July 20, 2010, to AstraZeneca AB, upon assignment from the inventors Nayna Govind and Maria Marlow.  The '328 patent claims, *inter alia*, a pharmaceutical composition comprising formoterol fumarate dihydrate, budesonide, 1,1,1,2,3,3,3-heptafluoropropane ("HFA227"), PVP K25 (polyvinyl pyrrolidone with a nominal K-value of 25) and PEG-1000 (polyethylene glycol with an average molecular weight of 1,000), wherein the formoterol fumarate dihydrate, budesonide, PVP K25 and PEG-1000 are present in certain concentrations.  A true and correct copy of the '328 patent is attached as Exhibit A.

17.     Plaintiff AstraZeneca AB has been and still is the owner of the '328 patent.

18.     United States Patent No. 8,143,239 ("the '239 patent"), entitled "Composition for inhalation," was issued by the USPTO on March 27, 2012 to AstraZeneca AB upon assignment from inventors Nayna Govind and Maria Marlow.  The claims of the '239 patent are directed to, *inter alia*, a pressurized metered dose inhaler containing a suspension composition comprising formoterol fumarate dihydrate, budesonide, HFA227, polyvinyl pyrrolidone ("PVP"), and polyethylene glycol ("PEG"), wherein the budesonide is present in a certain concentration and

4

wherein an actuation of the inhaler delivers a certain dosage of formoterol fumarate dihydrate and budesonide.  A true and correct copy of the '239 patent is attached as Exhibit B.

19.    Plaintiff AstraZeneca AB has been and still is the owner of the '239 patent.

20.    United States Patent No. 8,575,137 ("the '137 patent"), entitled "Composition for inhalation," was duly and legally issued by the USPTO on November 5, 2013, to AstraZeneca AB upon assignment from inventors Nayna Govind and Maria Marlow.  The claims of the '137 patent are directed to, *inter alia*, a pharmaceutical suspension composition comprising formoterol fumarate dihydrate, budesonide, HFA227, PVP, and PEG, wherein the budesonide, PVP, and PEG are present in certain concentrations.  A true and correct copy of the '137 patent is attached as Exhibit C.

21.    Plaintiff AstraZeneca AB has been and still is the owner of the '137 patent.

22.    United States Patent No. 7,967,011 ("the '011 patent"), entitled "Inhalation device," was issued by the USPTO on June 28, 2011 to AstraZeneca AB upon assignment from inventors Darren Hodson and Jorgen Rasmussen.  The claims of the '011 patent are directed to, *inter alia*, an actuator for an inhaler for delivering medicament by inhalation, the actuator comprising a main body tubular member; an ovoid, tubular mouthpiece; and a removable protection cap with release buttons.  A true and correct copy of the '011 patent is attached as Exhibit D.

23.    Plaintiff AstraZeneca AB has been and still is the owner of the '011 patent.

### Mylan's ANDA

24.    On information and belief, Defendants have submitted or caused to be submitted ANDA No. 211699 to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use or sale of United States of Budesonide and Formoterol Fumarate Dihydrate Inhalation Aerosol, 80 mcg/4.5 mcg and 160 mcg/4.5 mcg ("Mylan's

5

ANDA Products"), generic versions of the two dosage forms of Symbicort, prior to the expiration of the patents-in-suit.

25.     By letter dated August 30, 2018 ("Notice Letter"), Mylan notified Plaintiffs that it had filed ANDA No. 211699 seeking approval to market Mylan's ANDA Products and that Mylan was providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §§ 314.94 and 314.95.  The Notice Letter, sent by Mylan Pharmaceuticals Inc., represented that it had submitted to FDA ANDA No. 211699 and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Mylan ANDA before the expiration of the patents listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations, or Orange Book, for Symbicort.

26.     In its Notice Letter, and through its Paragraph IV certification in the Mylan ANDA, Mylan alleges that the patents-in-suit are invalid, not infringed by the commercial manufacture, use, or sale of Mylan's ANDA Products, and/or unenforceable.

27.     Mylan's Notice Letter included an Offer of Confidential Access to the Mylan ANDA, subject to restrictions and terms set forth in the Notice Letter.  The Offer of Confidential Access limited access to Mylan's ANDA to outside attorneys only.

28.     After receiving the Notice Letter and accompanying Offer of Confidential Access, Plaintiffs attempted to negotiate reasonable terms of access to the Mylan ANDA.  On September 17, 2018, after Mylan refused to make any modifications to its Offer of Confidential Access, Plaintiffs agreed to the original terms of the Offer of Confidential Access and requested prompt delivery of a copy of Mylan's ANDA as well as samples of Mylan's ANDA Products.

ME1 28303403v.1

29.     On October 1, 2018, Defendants produced in total 56 heavily redacted pages of Mylan's ANDA.  None of the pages contained specifications of the inhaler(s) used in Mylan's ANDA Products.  Due to the heavy redactions, none of the pages of Mylan's ANDA that Defendants produced identified any of the individuals or entities involved in developing, manufacturing or testing Mylan's ANDA Products or preparing Mylan's ANDA.  Mylan refused to provide its complete, unredacted ANDA or samples of its ANDA Products.

30.     On information and belief, Defendants have assisted with and participated in the preparation and submission of the Mylan ANDA, have provided material support to the preparation and submission of the Mylan ANDA, and intend to support the further prosecution of the Mylan ANDA.

31.     On information and belief, if FDA approves the Mylan ANDA, Defendants will manufacture, offer for sale, or sell Mylan's ANDA Products within the United States, including within Delaware, or will import Mylan's ANDA Products into the United States, including Delaware.

32.     On information and belief, if FDA approves the Mylan ANDA, Defendants will actively induce or contribute to infringement by Mylan's ANDA Products.

33.     This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of Plaintiffs' receipt of the Notice Letter.

## **JURISDICTION**

34.     Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

35.     Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

**Personal Jurisdiction over Mylan Pharmaceuticals Inc.**

36.     On information and belief, Defendant Mylan Pharmaceuticals Inc. is engaged in the business of challenging patents held by branded pharmaceutical companies, including in this judicial district.  Mylan Pharmaceuticals Inc. has consented to jurisdiction and venue in this Court, and availed itself of the protections afforded by this Court, including by asserting counterclaims in this Court.

37.     This Court has personal jurisdiction over Defendant Mylan Pharmaceuticals Inc. by virtue of the fact that Mylan Pharmaceuticals Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, and intends a future course of conduct that includes acts of patent infringement in the State of Delaware, including acts of patent infringement with respect to Mylan's ANDA Products.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Mylan Pharmaceuticals Inc. will make, use, import, sell, and/or offer for sale Mylan's ANDA Products throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

38.     On information and belief, Defendant Mylan Pharmaceuticals Inc. has extensive contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell in the State of Delaware the products described in ANDA No. 211699 upon approval.  Furthermore, on information and belief, Mylan Pharmaceuticals Inc. has a regular and established place of business in this judicial district.

ME1 28303403v.1

39.    On information and belief, Defendant Mylan Pharmaceuticals, and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Mylan's ANDA Products, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this judicial district, and to derive substantial revenue therefrom.

40.    On information and belief, Defendant Mylan Pharmaceuticals, and/or its subsidiaries, affiliates or agents, intends to place Mylan's ANDA Products into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this judicial district.

41.    On information and belief, Defendant Mylan Pharmaceuticals Inc. regularly solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

42.    Mylan Pharmaceuticals Inc. has availed itself of the legal protections of the State of Delaware by, among other things, admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.  As this Court has noted, Mylan Pharmaceuticals Inc. "appears in front of this Court with regularity for the purpose of getting its generic drugs on the market, and when that litigation concludes in a way that is favorable for [Mylan], those generic drugs are distributed to and used by Delaware residents through a distribution network that has been established for that purpose." *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, D.I. 36 at 38, C.A. No. 17-379-LPS (D. Del. 2017).  Furthermore, "[f]or at least the past ten years, there has been at least one Mylan action pending in this District at any given time," *id.* at 36, several of which include a Mylan entity as the plaintiff or counter

9

claimant. *See, also e.g.*, *Javelin Pharm., Inc. et al v. Mylan Labs. Ltd.*, C.A. No. 16-00554 (D. Del.); *Mylan Pharm., Inc. v. Galderma Labs. Inc.*, C.A. No. 10-00892 (D. Del.); *Mylan Pharm., Inc. v. Ethypharm SA*, C.A. No. 10-1064 (D. Del.); *Mylan Pharm., Inc. et al v. Eurand Inc.*, C.A. No. 10-306 (D. Del.); *Mylan, Inc. et al v. Boehringer Ingelheim Int'l GMBH*, C.A. No. 10-244 (D. Del.).

43. On information and belief, Defendant Mylan Pharmaceuticals Inc. is registered to do business in the State of Delaware, and has appointed an agent for service of process, Corporation Services Company located at 251 Little Falls Drive, Wilmington, DE 19808.

44. On information and belief, Defendant Mylan Pharmaceuticals Inc. holds current and valid Delaware "Pharmacy-Wholesale" drug registrations under License No. A4-0000741 and A4-0001719.

45. On information and belief, Defendant Mylan Pharmaceuticals Inc. holds current and valid Delaware "Distributor/Manufacturer CSR" registrations for controlled substances under License Nos. DS0342 and DM-0007571.

### Personal Jurisdiction over Mylan Laboratories Limited

46. On information and belief, Defendant Mylan Laboratories Limited is engaged in the business of challenging patents held by branded pharmaceutical companies, including in this judicial district. Defendant Mylan Laboratories Limited has consented to jurisdiction and venue in this Court, and availed itself of the protections afforded by this Court, including by asserting counterclaims in this Court.

47. On information and belief, Defendant Mylan Laboratories Limited has substantial, continuous, and systematic contacts with the State of Delaware including Defendant Mylan Laboratories Limited's engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

10

ME1 28303403v.1

48.     This Court has personal jurisdiction over Defendant Mylan Laboratories Limited by virtue of the fact that Mylan Laboratories Limited has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, and intends a future course of conduct that includes acts of patent infringement in the State of Delaware, including acts of patent infringement with respect to Mylan's ANDA Products.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Defendant Mylan Laboratories Limited will make, use, import, sell, and/or offer for sale Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

49.     On information and belief, Defendant Mylan Laboratories Limited and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Mylan's ANDA Products, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this judicial district, and to derive substantial revenue therefrom.

50.     On information and belief, Defendant Mylan Laboratories Limited and/or its subsidiaries, affiliates or agents, intends to place Mylan's ANDA Products into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this judicial district.

51.     On information and belief, Defendant Mylan Laboratories Limited regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

11

52.     On information and belief, Defendant Mylan Laboratories Limited has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, having asserted claims and counterclaims in this jurisdiction, including, for example, *Merck Sharp & Dohme Corp. v. Fresenius Kabi USA, LLC et al.*, C.A. No. 18-cv-00196 (consolidated) (D. Del.); *Javelin Pharmaceuticals, Inc. et al. v. Mylan Laboratories Limited et al.*, C.A. No. 16-cv-00224 (D. Del.), *Fresenius Kabi USA, LLC et al. v. Mylan Laboratories Limited et al.*, C.A. No. 15-cv-942 (D. Del.); and *AbbVie Inc. et al. v. Mylan Pharmaceuticals Inc. et al.*, C.A. No. 13-cv-1072 (D. Del.).

## Personal Jurisdiction over Mylan Inc.

53.     On information and belief, Defendant Mylan Inc. is engaged in the business of challenging patents held by branded pharmaceutical companies, including in this judicial district. Defendant Mylan Inc. has consented to jurisdiction and venue in this Court, and availed itself of the protections afforded by this Court, including by asserting counterclaims in this Court.

54.     On information and belief, Defendant Mylan Inc. has substantial, continuous, and systematic contacts with the State of Delaware including Defendant Mylan Inc.'s engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

55.     This Court has personal jurisdiction over Defendant Mylan Inc. by virtue of the fact that Defendant Mylan Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, and intends a future course of conduct that includes acts of patent infringement in the State of Delaware, including acts of patent infringement with respect to Mylan's ANDA Products.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon

12

receiving approval from the FDA, Defendant Mylan Inc. will make, use, import, sell, and/or offer for sale Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

56.     On information and belief, Defendant Mylan Inc., and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Mylan's ANDA Products, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this judicial district, and to derive substantial revenue therefrom.

57.     On information and belief, Defendant Mylan Inc., and/or its subsidiaries, affiliates or agents, intends to place Mylan's ANDA Products into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this judicial district.

58.     On information and belief, Defendant Mylan Inc. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

59.     On information and belief, Defendant Mylan Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, having asserted claims and counterclaims in this jurisdiction, including, for example, *Indivior Inc. et al v. Mylan Technologies Inc. et al.*, C.A. No. 15-cv-1016 (D. Del.); *UCB, Inc. et al v. Mylan Technologies, Inc. et al.*, C.A. No. 17-cv-322 (D. Del.); *Noven Pharmaceuticals Inc. v. Mylan Technologies Inc. et al.*, C.A. No. 15-cv-979 (D. Del.); *Noven Pharmaceuticals Inc. et al v. Mylan Technologies Inc. et al.*, C.A. No. 15-cv-328 (D. Del.); *Novartis Pharmaceuticals Corp.*

13

*et al v. Mylan Pharmaceuticals Inc. et al.*, C.A. No. 14-cv-777 (D. Del.); and *Endo Pharmaceuticals Inc. v. Mylan Technologies Inc. et al.*, C.A. No. 11-cv-220 (D. Del.).

## Personal Jurisdiction over Mylan N.V.

60.     On information and belief, Defendant Mylan N.V. is engaged in the business of challenging patents held by branded pharmaceutical companies, including in this judicial district. Defendant Mylan N.V. has consented to jurisdiction and venue in this Court, and availed itself of the protections afforded by this Court, including by asserting counterclaims in this Court.

61.     On information and belief, Defendant Mylan N.V. has substantial, continuous, and systematic contacts with the State of Delaware including Defendant Mylan N.V.'s engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

62.     This Court has personal jurisdiction over Defendant Mylan N.V. by virtue of the fact that Defendant Mylan N.V. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, and intends a future course of conduct that includes acts of patent infringement in the State of Delaware, including acts of patent infringement with respect to Mylan's ANDA Products.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Defendant Mylan N.V. will make, use, import, sell, and/or offer for sale Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

63.     On information and belief, Defendant Mylan N.V., and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Mylan's ANDA

14

Products, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this judicial district, and to derive substantial revenue therefrom.

64.     On information and belief, Defendant Mylan N.V., and/or its subsidiaries, affiliates or agents, intends to place Mylan's ANDA Products into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this judicial district.

65.     On information and belief, Defendant Mylan N.V. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

66.     On information and belief, Defendant Mylan N.V. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, having litigated and/or asserted claims or counterclaims in this jurisdiction, including, for example, in the matters of *Indivior Inc. et al v. Mylan Technologies Inc. et al.*, C.A. No. 15-cv-1016 (D. Del.); *Noven Pharmaceuticals, Inc. v. Mylan Technologies Inc. et al.*, C.A. No. 15-cv-979 (D. Del.); and *Pfizer Inc. et al v. Mylan Laboratories Ltd. et al.*, C.A. No. 15-cv-960 (D. Del.).

67.     On information and belief, Defendants Mylan Pharmaceuticals, Mylan Inc., Mylan Laboratories Limited and Mylan N.V. are alter egos of each other.  On information and belief, Defendants Mylan Pharmaceuticals, Mylan Laboratories Limited, Mylan Inc., and/or Mylan N.V. cooperate with each other in the manufacture, sale, and marketing of generic pharmaceutical products and act as agents of one another, including with respect to Mylan's ANDA Products.

15

68.     On information and belief, Defendants participated in the preparation, development, and filing of ANDA No. 211699, and its underlying subject matter, with the intent to market, sell, and/or distribute Mylan's ANDA Products to the residents of the State of Delaware.  Plaintiffs' cause of action arose from Defendants' contact with the State of Delaware.

69.     This Court therefore has personal jurisdiction over all Defendants.

## VENUE

70.     Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

71.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

72.     On information and belief, Defendants operate as a unitary entity for the purposes of manufacturing, marketing, selling, and/or distribution of generic pharmaceutical products, including Mylan's ANDA Products.

73.     On information and belief, Defendants' operations in the United States are spread out among 55 U.S. subsidiaries.

74.     On information and belief, at least 40 U.S. affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family are incorporated in Delaware, all of which reside within this judicial district.

75.     On information and belief, the formalities of corporate separateness are not preserved between Defendants and one or more of such U.S. affiliates, parents, alter egos, agents and/or other entities that reside in the state of Delaware.

76.     On information and belief, Defendants intend a future course of conduct that includes acts of patent infringement in the State of Delaware, including with respect to Mylan's

16

ANDA Products. These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district. For example, on information and belief, upon receiving approval from the FDA, Defendants will make, use, import, sell, and/or offer for sale Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

77. On information and belief, Defendant Mylan Pharmaceuticals Inc. is registered to do business in the State of Delaware and has indicated on its certificate of registration in the State of Delaware that it intends to engage in "[p]harmaceutical manufacturing, distribution and sales" in Delaware. *Acorda Therapeutics v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016) (citations omitted).

78. On information and belief, a portion of Defendants' business is done in the State of Delaware.

79. On information and belief, Defendants are in the business of bringing generic drugs to market, including filing Paragraph IV certifications, and triggering patent litigation, in which they challenge patents held by branded pharmaceutical companies, including in the state of Delaware.

80. Defendants have previously submitted to the jurisdiction of this Court and have availed themselves of the legal protections of the State of Delaware, having asserted claims and counterclaims in this jurisdiction, in more than 100 Hatch-Waxman cases within the last ten years. As such, a substantial portion of Defendants' business is done by hiring Delaware counsel, who act as Defendants' agents, and involves work from counsel's offices located in the State of Delaware and in the courtrooms located in the State of Delaware.

17

81.     Defendants "leverage a broad network of local and global access channels that include physicians, institutions, governments, retailers and wholesalers," throughout the United States, including in the State of Delaware.  *See* http://www.mylan.com/en/company/business-segments.

82.     Defendants state on their corporate website that "Hundreds of Mylan representatives call on thousands of physicians every day. Through these meetings, [they are] better able to meet [physician] needs and deliver on [their] commitment to provide physicians and their patients with access to high quality medicine."  *See* http://www.mylan.com/en/company/business-segments.

83.     On information and belief, Defendants call on physicians located in the State of Delaware.  On information and belief, Defendants hire sales professionals who work in the State of Delaware.  On information and belief, Defendants' hired sales professionals call upon physicians and hospitals within this judicial district.  On information and belief, Defendants' hired sales professionals provide physicians and hospitals with samples and product literature within the State of Delaware. On information and belief, Defendants make promotional payments to physicians in the State of Delaware.

84.     Defendants further state on their corporate website that "[their] institutional customers include a wide range of hospitals, long-term care facilities, correctional facilities, group purchasing organizations, integrated delivery networks and specialty pharmacies. [They] also work closely with many leading group purchasing organizations to ensure generic and brand name products are available to health care providers within the hospital environment."  *See* http://www.mylan.com/en/company/business-segments.

18

85.     Defendants also provide the "Mylan On Location™" Program "that helps organizations better prepare for an emergency on their premises."  *See* http://www.mylan.com/en/company/business-segments.  On information and belief, Defendants provide the "Mylan On Location™" Program to hospitals and physicians in the State of Delaware.

86.     Defendants also supply national pharmacies and provide them with a series of educational materials that "help[] pharmacies empower their customers with information and answers about common conditions."  *See* http://www.mylan.com/en/company/businesssegments, last accessed on November 8, 2017.)  On information and belief, Defendants supply such pharmacies within the State of Delaware.

87.     On information and belief, Defendants tailor promotional activities for their generic products by specifically targeting the people of the State of Delaware.  For example, Defendants state the following on their corporate website intended to specifically target sales in Delaware: (i) "Better health for a better Delaware"; (ii) In 2016, Mylan's generics saved Delaware $74 million."; (iii) "[Mylan] continue[s] to leverage [its] heritage as a generics manufacturer to help drive down Delaware's drug costs."; (iv) "Mylan is a leader in the fight against many of Delaware's most prevalent diseases."  *See* https://mylanbetterhealth.com/DE/#access_to_medicine.

88.     On information and belief, at least one major customer of Defendants' family of corporations, is a Delaware corporation.  On information and belief, this customer, McKesson Corporation, sells and/or distributes hundreds of drug products sold under Manufacturer Mylan Pharmaceuticals, throughout the United States, including in this judicial district.

ME1 28303403v.1

89.     Venue is proper as to Defendant Mylan Pharmaceuticals Inc. because Mylan Pharmaceuticals Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, intends a future course of conduct that includes acts of patent infringement in the State of Delaware, and on information and belief has a regular and established place of business in the State of Delaware, *inter alia*, through at least one or more affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family who have a regular and established place of business in Delaware, through hired sales professionals and legal counsel who act as Defendants' agents and continue Defendants' business operations from locations within this District, and through its employees who conduct Mylan's business from various offices and other locations in the State of Delaware. On information and belief, Defendant Mylan Pharmaceuticals Inc.'s hired sales professionals provide samples and product literature to physicians and hospitals within this District.  On information and belief, Defendant Mylan Pharmaceuticals Inc. makes promotional payments to physicians within this District.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Defendants will make, use, import, sell, and/or offer for sale the Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

90.     Venue is proper as to Defendant Mylan Laboratories Limited because Mylan Laboratories Limited has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, intends a future course of conduct that includes acts of patent infringement in the State of Delaware, and on information and belief has a

20

regular and established place of business in the State of Delaware, *inter alia*, through at least one or more affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family who have a regular and established place of business in Delaware, through hired sales professionals and legal counsel who act as Defendants' agents and continue Defendants' business operations from locations within this District, and through its employees who conduct Mylan's business from various offices and other locations in the State of Delaware. On information and belief, Defendant Mylan Laboratories Limited's hired sales professionals provide samples and product literature to physicians and hospitals within this District.  On information and belief, Defendant Mylan Laboratories Limited makes promotional payments to physicians within this District.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Defendants will make, use, import, sell, and/or offer for sale the Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

91.    Venue is also proper as to alien defendant Mylan Laboratories Limited under 28 U.S.C. § 1391(c)(3).

92.    Venue is proper as to Defendant Mylan Inc. because Mylan Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, intends a future course of conduct that includes acts of patent infringement in the State of Delaware, and on information and belief has a regular and established place of business in the State of Delaware*, inter alia*, through at least one or more affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family who have a regular

21

and established place of business in Delaware, through hired sales professionals and legal counsel who act as Defendants' agents and continue Defendants' business operations from locations within this District, and through its employees who conduct Mylan's business from various offices and other locations in the State of Delaware.  On information and belief, Defendant Mylan Inc.'s hired sales professionals provide samples and product literature to physicians and hospitals within this District.  On information and belief, Defendant Mylan Inc. makes promotional payments to physicians within this District.  These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharma, a Delaware corporation, in this judicial district.  For example, on information and belief, upon receiving approval from the FDA, Defendants will make, use, import, sell, and/or offer for sale the Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

93.     Venue is proper as to Defendant Mylan N.V. because Defendant Mylan N.V. has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, intends a future course of conduct that includes acts of patent infringement in the State of Delaware, and on information and belief has a regular and established place of business in the State of Delaware, *inter alia*, through at least one or more affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family who have a regular and established place of business in Delaware, through hired sales professionals and legal counsel who act as Defendants' agents and continue Defendants' business operations from locations within this District, and through its employees who conduct Mylan's business from various offices and other locations in the State of Delaware.  On information and belief, Defendant Mylan N.V.'s hired sales professionals provide samples and

22

product literature to physicians and hospitals within this District. On information and belief, Defendant Mylan N.V. makes promotional payments to physicians within this District. These acts have led and will lead to foreseeable harm and injury to AstraZeneca AB and AstraZeneca Pharmaceuticals, a Delaware corporation, in this judicial district. For example, on information and belief, upon receiving approval from the FDA, Defendants will make, use, import, sell, and/or offer for sale the Mylan's ANDA Products, throughout the United States, including in the State of Delaware, prior to the expiration of the patents-in-suit.

94.    Venue is also proper as to alien defendant Mylan N.V. under 28 U.S.C. § 1391(c)(3).

95.    Venue is proper as to all Defendants.

## COUNT I
## INFRINGEMENT OF THE '328 PATENT

96.    Plaintiffs incorporate by reference paragraphs 1-95 of this Complaint as if fully set forth herein.

97.    On information and belief, Defendants submitted or caused the submission of ANDA No. 211699 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market Mylan's ANDA Products in the United States before the expiration of the '328 patent.

98.    Under 35 U.S.C. § 271(e)(2)(A), the submission of ANDA No. 211699 to obtain approval for the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products before the expiration of the '328 patent constitutes infringement of one or more claims of the '328 patent, either literally or under the doctrine of equivalents.

99.    Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products would infringe the '328 patent and/or actively

23

induce and/or contribute to infringement of the '328 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211699, Defendants will make, use, offer to sell, or sell Mylan's ANDA Products within the United States, or will import Mylan's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '328 patent under 35 U.S.C. §§ 271(a), (b), (c), (f), and/or (g).

100. On information and belief, upon FDA approval of ANDA No. 211699, Defendants will market and distribute Mylan's ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users. On information and belief, Defendants will also knowingly and intentionally accompany Mylan's ANDA Products with a product label and product insert that will include instructions for using and administering the ANDA Products. Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of Mylan's ANDA Products to directly infringe one or more claims of the '328 patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '328 patent and knowledge that they are encouraging infringement.

101. Defendants had actual and constructive notice of the '328 patent prior to filing the Mylan ANDA, and were aware that the filing of the Mylan ANDA with the request for FDA approval prior to the expiration of the '328 patent would constitute an act of infringement of the '328 patent. Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products will not contribute to the infringement of and/or induce the infringement of the '328 patent.

102. In addition, Defendants filed the Mylan ANDA without adequate justification for

24

asserting the '328 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products.  Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '328 patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

103.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT II**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '328 PATENT**

104.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1-103 as if fully set forth herein.

105.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

106.    On information and belief, if the Mylan ANDA is approved, Mylan's ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

107.    On information and belief, Defendants know that health care professionals or patients will use Mylan's ANDA Products in accordance with the labeling sought by the Mylan ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '328 patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and/or (g).

108.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Mylan's ANDA Product

25

complained of herein will begin immediately after the FDA approves the Mylan ANDA. Any such conduct before the '328 patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '328 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and/or (g).

109. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '328 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

110. Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

111. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '239 PATENT

112. Plaintiffs incorporate by reference paragraphs 1-95 of this Complaint as if fully set forth herein.

113. On information and belief, Defendants submitted or caused the submission of ANDA No. 211699 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market Mylan's ANDA Products in the United States before the expiration of the '239 patent.

114. The Notice Letter informed Plaintiffs that Mylan Pharmaceuticals Inc. had submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '239 patent is invalid, unenforceable, or will not be infringed by the commercial

ME1 28303403v.1

manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products.

115.     Under 35 U.S.C. § 271(e)(2)(A), the submission by Defendants to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products before the expiration of the '239 patent constitutes infringement of one or more claims of the '239 patent, either literally or under the doctrine of equivalents.

116.     Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products would infringe the '239 patent and/or actively induce and/or contribute to infringement of the '239 patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211699, Defendants will make, use, offer to sell, or sell Mylan's ANDA Products within the United States, or will import Mylan's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '239 patent under 35 U.S.C. §§ 271(a), (b), (c), (f), and/or (g).

117.     On information and belief, upon FDA approval of ANDA No. 211699, Defendants will market and distribute Mylan's ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Mylan's ANDA Products. On information and belief, Defendants will also knowingly and intentionally accompany Mylan's ANDA Products with a product label and product insert that will include instructions for using and administering the ANDA Products.  Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of Mylan's ANDA Products to directly infringe one or more claims of the '239 patent.  In addition, on information and belief,

27

Defendants will encourage acts of direct infringement with knowledge of the '239 patent and knowledge that they are encouraging infringement.

118.    Defendants had actual and constructive notice of the '239 patent prior to filing the Mylan ANDA, and were aware that the filing of the Mylan ANDA with the request for FDA approval prior to the expiration of the '239 patent would constitute an act of infringement of the '239 patent.  Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products will not contribute to the infringement of and/or induce the infringement of the '239 patent.

119.    In addition, Defendants filed the Mylan ANDA without adequate justification for asserting the '239 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products.  Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '239 patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

120.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT IV**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '239 PATENT**

121.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1-95 and 112-120 as if fully set forth herein.

122.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

28

123. On information and belief, if the Mylan ANDA is approved, Mylan's ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

124. On information and belief, Defendants know that health care professionals or patients will use Mylan's ANDA Products in accordance with the labeling sought by the Mylan ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '239 patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and/or (g).

125. On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Mylan's ANDA Product complained of herein will begin immediately after the FDA approves the Mylan ANDA.  Any such conduct before the '239 patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '239 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and/or (g).

126. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '239 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

127. Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

128. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

ME1 28303403v.1

## COUNT V
## INFRINGEMENT OF THE '137 PATENT

129.    Plaintiffs incorporate by reference paragraphs 1-95 of this Complaint as if fully set forth herein.

130.    On information and belief, Defendants submitted or caused the submission of ANDA No. 211699 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market Mylan's ANDA Products in the United States before the expiration of the '137 patent.

131.    The Notice Letter informed Plaintiffs that Mylan Pharmaceuticals Inc. had submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '137 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products.

132.    Under 35 U.S.C. § 271(e)(2)(A), the submission by Defendants to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products before the expiration of the '137 patent constitutes infringement of one or more claims of the '137 patent, either literally or under the doctrine of equivalents.

133.    Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products would infringe the '137 patent and/or actively induce and/or contribute to infringement of the '137 patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211699, Defendants will make, use, offer to sell, or sell Mylan's ANDA Products within the United States, or will import Mylan's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce

30

the infringement of one or more claims of the '137 patent under 35 U.S.C. §§ 271(a), (b), (c), (f), and/or (g).

134.    On information and belief, upon FDA approval of ANDA No. 211699, Defendants will market and distribute Mylan's ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Mylan's ANDA Products. On information and belief, Defendants will also knowingly and intentionally accompany Mylan's ANDA Products with a product label and product insert that will include instructions for using and administering the ANDA Products. Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of Mylan's ANDA Products to directly infringe one or more claims of the '137 patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '137 patent and knowledge that they are encouraging infringement.

135.    Defendants had actual and constructive notice of the '137 patent prior to filing the Mylan ANDA, and were aware that the filing of the Mylan ANDA with the request for FDA approval prior to the expiration of the '137 patent would constitute an act of infringement of the '137 patent. Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products will not contribute to the infringement of and/or induce the infringement of the '137 patent.

136.    In addition, Defendants filed the Mylan ANDA without adequate justification for asserting the '137 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products. Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '137 patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

31

ME1 28303403v.1

137.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VI
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '137 PATENT

138.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1-95 and 129-137 as if fully set forth herein.

139.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

140.    On information and belief, if the Mylan ANDA is approved, Mylan's ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

141.    On information and belief, Defendants know that health care professionals or patients will use Mylan's ANDA Products in accordance with the labeling sought by the Mylan ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '137 patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and/or (g).

142.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Mylan's ANDA Product complained of herein will begin immediately after the FDA approves the Mylan ANDA.  Any such conduct before the '137 patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '137 patent under one or more of 35 U.S.C. §§ 271(a) (b), (c), (f) and/or (g).

143.    As a result of the foregoing facts, there is a real, substantial, and continuing

32

justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '137 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

144.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

145.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VII
## INFRINGEMENT OF THE '011 PATENT

146.    Plaintiffs incorporate by reference paragraphs 1-95 of this Complaint as if fully set forth herein.

147.    On information and belief, Defendants submitted or caused the submission of ANDA No. 211699 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market Mylan's ANDA Products in the United States before the expiration of the '011 patent.

148.    The Notice Letter informed Plaintiffs that Mylan Pharmaceuticals Inc. had submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '011 patent will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products.

149.    Under 35 U.S.C. § 271(e)(2)(A), the submission by Defendants to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products before the expiration of the '011 patent constitutes infringement of one or more claims of the '011 patent under at least the doctrine of equivalents.

33

150.    Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products would infringe the '011 patent and/or actively induce and/or contribute to infringement of the '011 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211699, Defendants will make, use, offer to sell, or sell Mylan's ANDA Products within the United States, or will import Mylan's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '011 patent.

151.    Defendants had actual and constructive notice of the '011 patent prior to filing the Mylan ANDA, and were aware that the filing of the Mylan ANDA with the request for FDA approval prior to the expiration of the '011 patent would constitute an act of infringement of the '011 patent. Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products will not contribute to the infringement of and/or induce the infringement of the '011 patent under 35 U.S.C. § 271(a), (b), (c), and/or (f).

152.    In addition, Defendants filed the Mylan ANDA without adequate justification for asserting the '011 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Mylan's ANDA Products. Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '011 patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

153.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

34

ME1 28303403v.1

## COUNT VIII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '011 PATENT

154.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1-95 and 146-153 as if fully set forth herein.

155.   Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

156.   On information and belief, if the Mylan ANDA is approved, Mylan's ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

157.   On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Mylan's ANDA Products complained of herein will begin immediately after the FDA approves the Mylan ANDA.  Any such conduct before the '011 patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '011 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), and/or (f).

158.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '011 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

159.   Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

160.   This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

ME1 28303403v.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products before the expiration of the '328 patent was an act of infringement of one or more claims of the '328 patent;

B.    A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products before the expiration of the '239 patent was an act of infringement of one or more claims of the '239 patent;

C.    A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products before the expiration of the '137 patent was an act of infringement of one or more claims of the '137 patent;

D.    A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 211699 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products before the expiration of the '011 patent was an act of infringement of one or more claims of the '011 patent;

E.    A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and/or (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '328 patent;

F.    A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b),

36

ME1 28303403v.1

(c), (f) and/or (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '239 patent;

G.     A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and/or (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '137 patent;

H.     A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), and/or (f), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Mylan's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '011 patent;

I.     The entry of a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, their affiliates and subsidiaries, and all persons and entities acting in concert with Defendants from commercially manufacturing, using, offering for sale, or selling Mylan's ANDA Products within the United States, or importing Mylan's ANDA Products into the United States, until the expiration of the '328, '239, '137, and '011 patents;

J.     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 211699 shall be no earlier than the last expiration date of any of the '328, '239, '137, and '011 patents, or any later expiration of exclusivity for any of the '328, '239, '137, and '011 patents, including any extensions or regulatory exclusivities;

K.     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

37

ME1 28303403v.1

Mylan's ANDA Products, or any product that infringes the '328 patent, or induces or contributes to such conduct, prior to the expiration of the '328 patent;

L.     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Products, or any product that infringes the '239 patent, or induces or contributes to such conduct, prior to the expiration of the '239 patent;

M.     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Products, or any product that infringes the '137 patent, or induces or contributes to such conduct, prior to the expiration of the '137 patent;

N.     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Products, or any product that infringes the '011 patent, or induces or contributes to such conduct, prior to the expiration of the '011 patent;

O.     The entry of judgment declaring that Defendants' acts render this case an exceptional case, and awarding Plaintiffs attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

P.     An award to Plaintiffs of their costs and expenses in this action; and

Q.     Such further and other relief as this Court may deem just and proper.

38

Dated: October 11, 2018

Respectfully submitted,

*/s/ Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
McCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiffs AstraZeneca AB and AstraZeneca Pharmaceuticals LP*

Christopher N. Sipes (*pro hac vice forthcoming*)
Gary M. Rubman (*pro hac vice forthcoming*)
Matthew Kudzin (*pro hac vice forthcoming*)
Anna Q. Han (*pro hac vice forthcoming*)
COVINGTON & BURLING LLP
One City Center, 850 Tenth St. NW
Washington, DC 20001
(202) 662-6000
csipes@cov.com
grubman@cov.com
mkudzin@cov.com
ahan@cov.com

*Of Counsel for Plaintiffs*

39

ME1 28303403v.1